IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARTHA BOYER,** | : | |
| **Plaintiff,** | : | **Case No. 2:05-cv-547** |
| v. | : | **Judge Holschuh** |
| **AGENT BYRON GUINTHER, et al.,** | : | **Magistrate Judge Abel** |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Martha Boyer filed suit against Byron Guinther and John Doe, agents of the Ohio Department of Public Safety, Liquor Control Division, to recover for injuries she allegedly suffered in connection with her arrest. This matter is currently before the Court on Defendant Guinther's unopposed motion for partial judgment on the pleadings. (Record at 4). For the reasons stated below, the Court grants Defendant's motion.

**I.      Background**

According to Plaintiff's Complaint, on June 5, 2004, Byron Guinther and John Doe, of the Ohio Department of Public Safety's Liquor Control Division, stopped her for questioning near a pay phone in Athens, Ohio. When she attempted to leave, they kicked her right leg and took her to the ground, breaking her leg in the process. Even though she told them that she thought her leg was broken, they did not seek medical attention. Instead, they tightly handcuffed her, cutting off circulation to her fingers, and charged her with disorderly conduct.

Plaintiff filed suit against Guinther and Doe in their official and individual capacities alleging four claims: (1) Defendants' use of excessive force and denial of medical attention

"violate Plaintiff's constitutional rights as guaranteed by the Fourth and Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983;" (2) Defendants' acts "violate Plaintiff's Constitutional rights guaranteed by Article I, Section 14 of the Ohio Constitution;" (3) Defendants' acts "constitute assault and battery;" and (4) Defendants' acts "constitute the intentional infliction of severe emotional distress upon the Plaintiff." (Compl. ¶¶ 17-20). She alleges that Defendants' actions "were undertaken recklessly, wantonly, in bad faith, maliciously, and with deliberate indifference." (Id. at ¶ 15). Plaintiff seeks compensatory and punitive damages, attorney fees and costs.

On July 27, 2005, pursuant to Fed. R. Civ. P. 12(c), Defendant Byron Guinther filed a motion for partial judgment on the pleadings, seeking dismissal of: (1) all official capacity claims; (2) Claim One, to the extent it alleges violations of rights under the Eighth Amendment and 42 U.S.C. § 1983; and (3) the Second, Third, and Fourth Claims. Plaintiff has failed to respond to Defendant's motion within the time allotted.

**II.     Standard for Granting Judgment on the Pleadings**

Motions for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) are evaluated in much the same way as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted. See Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998); Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001); Mixon v. Ohio, 193 F.3d 389, 399-400 (6th Cir. 1999). The purpose of a motion under either rule is to test the sufficiency of the complaint. When determining the sufficiency of a complaint, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Ziegler, 249 F.3d at 512.

When considering a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Grindstaff, 133 F.3d at 421. However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. Id. The Court will, however, indulge all reasonable inferences that might be drawn from the pleading. See Fitzke v. Shappell, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

**III. Discussion**

In Claim One, Plaintiff seeks to recover for violations of rights guaranteed by the Fourth and Eighth Amendments to the United States Constitution. The Eighth Amendment, however, applies only to convicted prisoners. Since Plaintiff was a pre-trial detainee when the alleged wrongdoing occurred, the Eighth Amendment does not apply. See Graham v. County of Washtenaw, 358 F.3d 377, 383 n.3 (6th Cir. 2004). See also Watkins v. City of Battle Creek, 273 F.3d 682, 685 (6th Cir. 2001). Defendant is therefore entitled to dismissal of the Eighth Amendment claim.

In Claim One, Plaintiff also appears to seek recovery for violations of rights "guaranteed" by 42 U.S.C. § 1983. Defendant correctly notes that § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989)(quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)). As the Court reads Plaintiff's Complaint, § 1983 is cited as an avenue of recovery for the alleged violations of constitutional rights, not as a separate cause of action.

3

Defendant next argues that the Eleventh Amendment bars Plaintiff's official capacity damage claims,[1] and prohibits the Court from exercising supplemental jurisdiction over the state law claims set forth in Claims Two, Three, and Four. The Court agrees. The Eleventh Amendment generally prohibits individuals from suing a state government for money damages in federal court unless Congress validly abrogates the States' immunity pursuant to Section 5 of the Fourteenth Amendment or the State consents to suit. See Mixon v. Ohio, 193 F.3d 389, 397 (6th Cir. 1999). Neither exception is applicable in this case. See id.; Quern v. Jordan, 440 U.S. 340-41 (1979). Furthermore, the Eleventh Amendment prohibits this Court from exercising subject matter jurisdiction over Plaintiff's state law claims against Defendants in their official capacities. In Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984), the Supreme Court held that, "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment. We now hold that this principle applies as well to state-law claims brought into federal court under pendent jurisdiction." Id. at 121. See also McNeilus Truck & Mfg., Inc., 226 F.3d 429, 438 (6th Cir. 2000)(holding that plaintiff was barred from suing state officials in federal court for violating state law).

Finally, because Plaintiff failed to obtain an initial determination from the Ohio Court of Claims concerning Defendant's immunity from suit, this Court lacks subject matter jurisdiction

---

[1] As the Supreme Court noted in Kentucky v. Graham, 473 U.S. 159 (1985), a claim brought against a government employee in his or her *individual* capacity seeks to hold the employee personally liable for actions taken under color of state law. However, a claim brought against a government employee in his or her *official* capacity is the equivalent of a claim brought against the governmental entity itself because, if the plaintiff succeeds, the judgment is paid by the governmental entity. Id. at 165-66.

over the state law claims brought against Defendant in his individual capacity. The relevant statute provides as follows:

> A civil action against an officer or employee . . . that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code . . .

Ohio Revised Code § 2743.02(F).[2] See also Johnson v. Wolgemuth, 257 F. Supp. 2d 1013, 1018 (S.D. Ohio 2003)(holding that claims brought against state officials in their official capacities were barred by the Eleventh Amendment, and that the Court could not assert supplemental jurisdiction over state law claims until the Ohio Court of Claims determined whether defendants were amenable to suit).

---

[2] Ohio Revised Code § 9.86 provides:

> Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
>
> This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743. of the Revised Code.

**IV.     Conclusion**

For the reasons set forth above, the Court **GRANTS** Defendant Guinther's motion for partial judgment on the pleadings. (Record at 4). Because Plaintiff can prove no set of facts in support of her claim which would entitle her to relief, all official capacity claims against Defendant Guinther are dismissed, as is Plaintiff's Eighth Amendment claim. To the extent Plaintiff also seeks to recover from Defendant in his individual capacity on Claims Two, Three, and Four, the Court dismisses these claims without prejudice for lack of subject matter jurisdiction.

Plaintiff's § 1983 claim based on alleged violations of Plaintiff's Fourth Amendment rights, brought against Defendant Guinther in his individual capacity, remains pending.

**IT IS SO ORDERED.**

Date: September 19, 2005                                **/s/ John D. Holschuh**
                                                        John D. Holschuh, Judge
                                                        United States District Court

6